Manuel Viñas, Plaintiff and Appellee, v. Carmelo Hernández et al., Defendants and Angela Dozal Somohano, Defendant and Appellant.

No. 8390. Argued March 17, 1942.—Decided April 20, 1942.

*Rincón Plumey & Del Toro Fernández* for appellant.   E. H. F. Dottin for appellee.

MR. JUSTICE SNYDER delivered the opinion of the court.

Manuel Viñas sued Carmelo Hernández, María Maldonado and Angela Dozal Somohano for collection of an unpaid loan of $801.   Judgment by default was entered against the first two defendants.   After a trial on the merits, the district court entered judgment against Angela Dozal Somohano for the entire $801, and she appealed from that judgment.

 The testimony of the appellee was that he made a loan to the three defendants to enable them to build an annex to the house of Angela Dozal Somohano to be occupied by María Maldonado, her daughter, and Carmelo Hernández, who were then married but were subsequently divorced; that a mortgage on the annex to secure the loan was supposed to be executed, but that this was never done; that Angela Dozal Somohano guaranteed the loan.

The appellant made a complete denial of this testimony, with the explanation that the money to build the annex, which she claimed belonged to her, came from other sources.

There was much testimony on both sides. The court believed the appellee's witnesses. Although the appellant alleges passion, prejudice, and partiality on the part of the lower court, we find none after a careful examination of the record. In a case such as this, involving a sharp conflict of testimony, the lower court is usually in a better position than this court to determine the facts. Under the circumstances of this case, we see no basis on which we can properly overturn the findings of fact of the lower court.

The appellant also complains that there was a variance between the complaint and the evidence. This admittedly existed, as the suit was against three persons for a loan, and the court entered judgment for the entire amount against one of them, on the ground that the latter guaranteed the loan. But since "no objection was made in the court below . . . . the variance was either renounced or the complaint could be considered amended in accordance with the case of *People* v. *Heirs of Valdés*, 31 P.R.R. 213 . . . ". *Maniscalco & Nuccio* v. *Sancho, Treas.*, 51 P.R.R. 499, 503. Moreover, even if the appellant had objected at the proper time, she would have been required to show "that the same was material, that is, that he had been surprised or misled into error to his prejudice." *Carrasquillo* v. *Ripoll and Maldonado, Int.*, 56 P.R.R. 375, 382.

The record shows that the case was tried by the appellee on the theory of a guarantee by the appellant for the entire amount; appellee's witnesses testified to that effect without objection; they were cross-examined by appellant's counsel along those lines; and the appellant herself offered testimony denying the guarantee. The variance neither took the appellant by surprise nor in any way prejudiced her position. *Díaz* v. *Rosado*, 30 P.R.R. 476, 489; *Font* v. *Viking Construction Corporation*, 58 P.R.R. 691, 706. Since "the evidence discloses that the real issues between the parties were fully understood by them . . . the complaint . . .

may be considered to be amended to conform to the proof."
*Gavilán & Co.* v. *Garriga & Hijos et al.*, 38 P.R.R. 372, 373.

■ The appellant also presses the argument that the variance herein changed the cause of action. This point was first made in the motion for reconsideration. In overruling the motion for reconsideration, the district court held that the cause of action remained the same in spite. of the variance, as in either event a suit for the collection of money was involved. This may be doubtful under the rule laid down in *Martí* v. *American Railroad Company*, 28 P.R.R. 689. Nevertheless, we deem it unnecessary to pass on that question in this case. The issues of fact arising out of this transaction were clearly and fully tried in the lower court. We see no reason why, in the absence of objection at the proper time and the lack of surprise to the appellant, we should insist that the case go back to the district court to be tried *de novo*.

■ Another alleged error is that even if this had been a suit on a guarantee, the suit would not lie as the amount guaranteed was in excess of $300, and no written document was offered to establish such an obligation. The cases hold that this requirement does not apply as between the parties themselves. *Mas* v. *Llona*, 31 P.R.R. 28; *Santiago* v. *Cuevas*, 41 P.R.R. 115.

There was likewise no failure to observe the provision of §1726 of the Civil Code that "Security is not presumed; it must be express . . .". The testimony of the appellee, which was believed by the lower court, established an express guarantee.

The judgment of the district court will be affirmed.

Mr. Justice Travieso and Mr. Justice Todd, Jr., did not participate herein.